IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRASWELL WOOD COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-891-WKW [WO] |
| | ) | |
| WASTE AWAY GROUP, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's motion for reconsideration (Doc. # 48) and motion for hearing and oral argument (Doc. # 49), to which Defendants filed a response (Doc. # 59) and Plaintiff filed a reply (Doc. # 63).  In the motion for reconsideration, Plaintiff moves the court to reconsider its August 10, 2010 Order (Doc. # 38 ("the Order")) granting Defendants' motion to dismiss Count II of the Second Amended Complaint (Doc. # 17).  Further, Plaintiff moves the court for leave to amend its Second Amended Complaint.  In both the Order and the motion to reconsider, only Count II of Plaintiff's Second Amended Complaint, the federal RICO claim, is at issue.  After reviewing the briefs, the court finds that Plaintiff's motions are due to be denied.

## I.  LEGAL STANDARDS

### A.  Motion for Reconsideration

The Order granting Defendants' motion to dismiss Count II of the Second Amended Complaint was not a final judgment, nor has any judgment been entered in this case.  *See*

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) ("Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotation marks omitted). Thus, Plaintiff's motion for reconsideration asks the court to review an interlocutory decision.

"[T]he district court has broad power to reconsider the correctness of its interlocutory rulings." *United States v. Acosta*, 669 F.2d 292, 292 (5th Cir. Unit B 1982). When reviewing an interlocutory decision, the district court is "not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) or 60(b)." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n.2 (10th Cir. 2008); *see also* Fed. R. Civ. P. 59(e) (a motion to alter or amend requires a judgment); *Denson v. United States*, 574 F.3d 1318, 1335 n.52 (11th Cir. 2009) (noting that Federal Rule of Civil Procedure 60(b) does not apply to non-final orders).

**B.    Leave to Amend**

To amend the complaint prior to trial, a party does so by moving the court for leave pursuant to Federal Rule of Civil Procedure 15(a). *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend shall be freely given." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (internal quotation marks omitted). "The rule as applied in this circuit is where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance

2

to amend the complaint before the district court dismisses the action with prejudice." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (internal citations omitted).  The party requesting leave to amend its complaint "must either attach a copy of the proposed amendment to the motion or set forth the substance thereof." *McInteer*, 470 F.3d at 1362 (quoting *Long*, 181 F.3d at 1279).  However, a plaintiff "'should not be allowed to amend [its] complaint without showing how the complaint could be amended to save the meritless claim.'" *Id.* (quoting *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999)).

## II.  DISCUSSION

In the August 10, 2010 Order, the court found that Plaintiff's Second Amended Complaint did not state a plausible RICO claim because it lacked sufficient allegations of misrepresentation and reliance.  Further, the court denied Plaintiff's request to replead its claims because "[Plaintiff] has had adequate opportunity to state its claims in the most plausible manner, and it is hard to see how the RICO claim here could be saved without wholesale revisions to the factual allegations in the Second Amended Complaint."  (Order 9.)

In its reply to Defendants' opposition to the motion to reconsider, Plaintiff crystalizes the grounds upon which it moves the court to reconsider the Order dismissing Plaintiff's RICO claim.  (Doc. # 63.)  Plaintiff argues that the Order is wrong because (1) the court did not allow Plaintiff to amend its complaint, (2) the court improperly evaluated evidence of misrepresentations under a motion to dismiss standard, (3) the court misinterpreted the nature of the misrepresentations alleged in the fee dispute and did not consider omissions, and

(4) the Order has the effect of pardoning a party guilty of wrongful conduct and therefore creates manifest injustice.  (Doc. # 63, at 1-2.)  Each ground will be addressed briefly.

## A.   Amendment of the Complaint

Plaintiff's continued failure to adequately plead factual allegations of reliance and failure to meet the requirements for obtaining leave to amend ultimately doom the motion for reconsideration.  As discussed in the Order, to state a RICO claim involving the predicate acts of mail and wire fraud, a plaintiff must plead factual allegations of reliance.  (Order 6 (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1257-58 (11th Cir. 2004).)  In the Order, the court noted that "[Plaintiff] is left in the position of not having pled any reliance with respect to the alleged misrepresentations, other than a bare assertion that 'if necessary it can be established' for all the putative class action plaintiffs."  (Order 9 (quoting Doc. # 17, ¶ 69).)  In both its motion for reconsideration and reply brief, Plaintiff has not provided any ground that warrants reconsideration of the dispositive conclusions in the Order.

Likewise, the requirements for obtaining leave to amend under Rule 15(a) have not been met.  Plaintiff has failed to show "'how the complaint could be amended to save the meritless claim.'"  *McInteer*, 470 F.3d at 1362 (quoting *Wisdom*, 167 F.3d at 409).  Plaintiff has neither attached a copy of the proposed amendment nor set forth the substance thereof as required under Rule 15(a).  *Id.*; *see also* M.D. Ala. LR 15.1 (Jan. 1988) ("A party who moves to amend a pleading . . . shall attach the original of the amendment . . . to the

4

motion.").[1]  Rather, even after two additional submissions, Plaintiff has still offered only bare promises that it will plead reliance.  (Doc. # 48, at 6 ("will set out its reliance"); Doc. # 63, at 5 ("will plead reliance" and "an amendment adding reliance will easily correct").)  Vague promises of future amendments are insufficient to establish the substance of a proposed amended complaint and to show how such amendment would save a meritless RICO claim.

The magnitude of Plaintiff's failure is only heightened by the fact that it has had, at minimum, three opportunities to adequately plead reliance or satisfy the Rule 15(a) standard for leave to amend.[2]  After reviewing two additional briefs from Plaintiff that prolong the failure to suggest a viable RICO claim, the court's earlier conclusion that "repleading in this instance will likely be futile" has been confirmed.  (Order 9.)

## B.   Improper Evaluation of Evidence at the Motion to Dismiss Stage

Plaintiff insists the court improperly evaluated evidence rather than accepting the factual allegations in the pleadings as true.  Upon reconsideration, there is one statement in the Order at pages 9-10, quoted by Plaintiff, which could be construed to suggest the court evaluated evidence: "[N]one of the documents cited constitute misrepresentations sufficient

---

[1] The substance of this part of the rule remains substantially unchanged in this district's amended local rules, which became effective on December 1, 2010, after the present motion for reconsideration came under submission.

[2] All told, Plaintiff has filed three complaints, a motion for reconsideration, and a motion for reconsideration reply brief.  (Docs. # 1 Ex. A (Compl. and Am. Compl.), 17 (Second Am. Compl.), 48 (Mot. for Reconsideration), 63 (Reply to Mot. for Reconsideration).)  The Second Amended Complaint, the motion for reconsideration, and the motion for reconsideration reply brief gave Plaintiff three bites at the apple of reliance.  If Plaintiff's briefing on the motion to dismiss is included in this tally, the number of bites climbs to five, pretty much consuming the whole apple. (Doc. # 29 (Response to Motion to Dismiss); Doc. # 36 (Surreply to Motion to Dismiss).)

to establish mail or wire fraud . . . ."  The statement is more clearly said: "None of the documents described and pled by plaintiff, accepted as true, are sufficient to support a claim for mail or wire fraud."  As stated in note 3 of the Order, the exhibits attached to Defendants' brief supporting its motion (Doc. # 22) were not germane to the ruling, and were not considered in arriving at the ruling.  Also not considered were Defendants' charts or either party's unsupported factual assertions in or attached to briefing.

## C.     Nature of Misrepresentations and Suppression of Material Facts

Plaintiff asserts that "[a] claim should not be dismissed because the Court disbelieves the allegations."  (Doc. # 63 at 6).  Agreed.  Contrary to Plaintiff's mischaracterization that the court "found that these misrepresentations were not false" (Doc. 63, at 6), the Order plainly states, twice:  "Accordingly, no misrepresentation *sufficient to state claims for mail fraud or wire fraud as predicate acts* has been alleged[,]" (Order 9) (emphasis added), and the before-quoted "none of the documents cited constitute 'misrepresentations' *sufficient to establish mail or wire fraud . . . .*" (Order 9-10 (emphasis added).)  Plainly, the allegations were accepted as fact, but were found to fall short of the RICO pleading bar.

Plaintiff also frets over the court's treatment of the suppression of material facts "[the defendants allegedly] *had a duty to disclose*."   (Doc. 63, at 7 (emphasis added).) Specifically, Plaintiff insists the court ignored the holdings of *Kemp v. American Tel. & Tel. Co.*, 393 F.3d 1354 (11th Cir. 2004), in regard to suppression of material facts. (Doc. # 63, at 7.)  *Kemp* is distinguishable on at least two obvious and substantial grounds, the second of which is dispositive of the present fuss.  First, in *Kemp*, AT&T buried illegal gambling

6

debts (that it was collecting for a third party telephone gambling service, and for which it was receiving commissions)  among legitimate phone charges in its customer billing.  Under those circumstances, the court held that it was "clearly foreseeable" that confusion would result from that billing format.  393 F.3d at 1360.  Indeed, the president of the gambling operation testified:

> [I]f you couldn't bill or couldn't collect, there would be no reason to operate the program or have the program.  It was the fact that AT&T would offer billing and collection [that] was the inducement to be in the business.  I mean you had the biggest company in the world putting their name on a piece of paper that says, "This is a good program, pay for it."

*Id*. at 1365.  Here there is neither a third party, the implied imprimatur of a corporate giant, nor illegal gambling involved in the alleged suppression.

Second, and more telling in this case, the *Kemp* court held that AT&T had a duty to disclose that it was collecting illegal gambling debts on its billing statements, and to "correct the misconception it had intentionally created."  *Id*. at 1360.  Contrary to Plaintiff's assertion, *Kemp* does not support the argument that the "naming of the[] fees *alone*" is sufficient to establish fraudulent intent.  (Doc. # 48, at 4 (emphasis added).)  *Kemp* held that "[t]he nondisclosure of material information" arises "where a defendant has a *duty to disclose*."  393 F.3d at 1359-60 (emphasis added).  Apart from conclusory statements asserted for the first time in a reply brief that a duty to disclose existed (*see, e.g.*, Doc. # 63, at 7), Plaintiff has not dedicated one drop of ink in its reconsideration briefing to explaining *why* Defendants owed a duty to disclose suppressed material facts (*e.g.*, "a special relationship of trust between the parties" or "other circumstances" to be considered on a case by case

7

basis). *Id*. The Second Amended Complaint references undisclosed information, but does not mention or allude to a concomitant *duty* requiring disclosure.

**D.    Manifest Injustice**

Plaintiff asserts that "[a] party which has admittedly been involved in the wrongful conduct alleged will escape liability." (Doc. # 63 at 8.)   Apart from the ambiguity of "admittedly involved" in "wrongful conduct," which makes it sound as if one or more Defendant has admitted to a RICO violation (a fact not pled by Plaintiff), Plaintiff still misses the point.   Taken as true, the factual allegations of the Second Amended Complaint fail to rise to the RICO standard.   They do allege wrongful breach of contract claims which, if proven, should ensure that the culpable party does not escape unpunished.   That a party escapes the clutches of RICO is the product of pleading hurdles of relatively recent origin which, while controversial to some in the bar, are nonetheless the current law of the circuit.

## III.  CONCLUSION

Upon reconsideration, and finding no error in its prior Order, it is ORDERED that Plaintiff's motion for reconsideration (Doc. # 48) and motion for hearing and oral argument (Doc. # 49) are DENIED.

DONE this 26th day of January, 2011.

      /s/ W.  Keith Watkins
      UNITED STATES DISTRICT JUDGE