IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRASWELL WOOD COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-891-WKW [WO] |
| ) | |
| WASTE AWAY GROUP, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Renewed Motion to Remand (Doc. # 67), to which Defendants responded (Doc. # 75). Plaintiff contends that the court now lacks subject matter jurisdiction and that Defendants' removal of this case on September 18, 2009, was improper. (Doc. # 67, at 2-3.) Defendants argue that Plaintiff's arguments on the propriety of removal are untimely and that the court should retain subject matter jurisdiction. (Doc. # 75, at 3.) For the reasons that follow, Plaintiff's Renewed Motion to Remand is due to be denied.

**I. BACKGROUND**

The convoluted procedural background of this case is pertinent to Plaintiff's present motion. On June 12, 2008, Plaintiff, an Alabama corporation, filed its Class Action Complaint against Waste Away Group, Inc. ("Waste Away"), in the Circuit Court of Bullock County, Alabama (Doc. # 1, Ex. 3, at 3, 5). On June 17, 2009, Plaintiff filed an Amended and Restated Class Action Complaint which named Waste Management, Inc. ("Waste Management"), a non-Alabama citizen, as a defendant (Doc. # 1, Ex. 1). On September 18,

2009, Defendants removed this case to this court on the basis of 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) and 28 U.S.C. § 1441. (Doc. # 1.) On October 19, 2009, Plaintiff moved to remand the case back to state court on the basis of 28 U.S.C. § 1446(b) and *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Specifically, Plaintiff argued that based on the unspecified damages pled in the Amended and Restated Complaint, Defendants' removal was procedurally improper under the second paragraph of § 1446(b) because it was not based on a document received from Plaintiff as required by *Lowery*, 483 F.3d at 1213-14. (Doc. # 2, at 2.)

On March 1, 2010, nearly four months after Plaintiff's Motion to Remand came under submission, Plaintiff moved to withdraw it (Doc. # 12). Plaintiff's motion was granted (Doc. # 13); the Motion to Remand was withdrawn; and on March 11, 2010, Plaintiff filed a Second Amended Complaint (Doc. # 17). The Second Amended Complaint included a federal RICO claim against both Defendants, and Plaintiff pled that the court had subject matter jurisdiction under both 28 U.S.C. §§ 1331 and 1332(d). On August 10, 2010, pursuant to Defendants' Motion to Dismiss (Doc. # 21), the court dismissed Plaintiff's federal RICO claim against both Defendants for failure to state a claim (Doc. # 38, at 10).[1] Plaintiff's only remaining claim is its proposed class action breach of contract claim against Waste Away, an Alabama citizen (Doc. # 17, at 15-16).[2]

---

[1] Plaintiff also filed a motion for reconsideration (Doc. # 48) of the August 10, 2010 order, which the court denied (Doc. # 65).

[2] Like Defendants (Doc. # 75, at 3 n.3), the court also observes that Plaintiff describes its present case as consisting of multiple state law claims. (Doc. # 67, at 2 ("The only claims now remaining are

## II. STANDARD OF REVIEW

In cases where a federal district court has original subject matter jurisdiction, 28 U.S.C. § 1367(a) states that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "[Section 1367] reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742 (11th Cir. 2006). "Section 1367(c) gives a court *discretion* to dismiss a supplemental claim or party when 'the district court has dismissed all claims over which it has original jurisdiction.'" *Palmer v. Hosp. Auth. of Randolph Cnty., Ga.*, 22 F.3d 1559, 1568 (11th Cir. 1994) (quoting 28 U.S.C. § 1367(c)(3)).

## III. DISCUSSION

Plaintiff contends that the court lacks subject matter jurisdiction because the only remaining claim is a proposed state law class action claim, and Defendants cannot prove that the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2) and *Lowery*. Defendants oppose Plaintiff's motion arguing that the court should continue to exercise subject matter jurisdiction, and Plaintiff's amount in controversy argument is misplaced. For the following reasons, Plaintiff's motion is due to be denied.

---

common law causes of action.").) That assertion is belied by the Second Amended Complaint (Doc. # 17) and the August 10, 2010 order (Doc. # 38), which leave Plaintiff with only a breach of contract claim against Waste Away.

Plaintiff's motion challenges the court's subject matter jurisdiction on the basis that Defendants improperly removed this case under § 1446(b) and *Lowery*. Plaintiff's *Lowery* argument is in error because the propriety of Defendants' September 18, 2009 removal is no longer at issue. *Lowery*, 483 F.3d at 1213 n.64 ("[W]here the plaintiff challenges removal before judgment but after the thirty-day period [for challenging the propriety of removal] has lapsed, the court is no longer considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all."). Not only was Plaintiff's present motion filed far outside the thirty-day window for challenging the propriety of the September 2009 removal, but Plaintiff's Second Amended Complaint included a RICO claim that unquestionably invoked this court's subject matter jurisdiction and obviated any inquiry into the propriety of Defendants' removal. *See Pegram v. Herdrich*, 530 U.S. 211, 215 n.2 (2000) (Where the plaintiff amended her complaint to include a federal question after removal, the federal court "ha[d] jurisdiction regardless of the correctness of removal."). Plaintiff's Renewed Motion to Remand therefore raises the question whether this court retains subject matter jurisdiction to hear Plaintiff's remaining breach of contract claim against Waste Away, which like Plaintiff is an Alabama citizen. *Lowery*'s receipt from the plaintiff rule, which is rooted in the procedural removal language of 28 U.S.C. § 1446(b) (paragraph two), has no application to the substantive question of the court's subject matter jurisdiction. 483 F.3d at 1213 n.64 ("In considering these [after the thirty-day period] challenges to jurisdiction, the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction."); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)

("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard [for establishing removal jurisdiction]."). Though Plaintiff's Renewed Motion to Remand is hardly instructive on the present jurisdictional question, the court recognizes its "obligation . . . to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999). Therefore, the court turns to the jurisdictional inquiry.[3]

It is undisputed that the court had supplemental jurisdiction over Plaintiff's breach of contract claim against Waste Away at the time of dismissal of Plaintiff's federal RICO claim. (*See* Doc. # 38, at 1 (Because the court has federal question jurisdiction, "[i]t is no longer necessary to determine whether jurisdiction also exists under the diversity [statute] and class action removal statute[].")); 28 U.S.C. § 1367(a). Plaintiff now erroneously contends that subject matter jurisdiction is lacking because the court "dismissed the RICO claim," thus "eliminat[ing] the only basis for its jurisdiction." (Doc. # 67, at 2.)

"[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C.

---

[3] Plaintiff's Renewed Motion to Remand is predicated only on its theory that Defendants have not met their burden of establishing the amount in controversy as required by *Lowery*. (Doc. # 67, at 1-3.) Though Plaintiff cites its earlier briefing from its initial Motion to Remand (Doc. # 67, at 2 n.1 (citing Docs. # 2, 11)), Plaintiff does not argue here that diversity jurisdiction under CAFA is inappropriate based on the citizenship of the parties. The court does not reach that issue because it exercises its supplemental jurisdiction over Plaintiff's remaining proposed state law class action claim. *See infra*. Therefore, the court need not determine the makeup and citizenship of Plaintiff's putative class, a jurisdictional fact that remains unclear from the Second Amended Complaint (Doc. # 17, at 5 (The contract subclass includes "all persons and entities within the United States who entered into a contract with Defendant Waste Away Group, Inc."); *cf.* Doc. # 2, at 4); *see* 28 U.S.C. § 1332(d)(4).

...

§ 1367, over pendent state-law claims." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "Among the factors a district court should consider in exercising its discretion are judicial economy, convenience, fairness, and comity." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441." *Lewis v. City of St. Petersburg, Fla.*, 260 F.3d 1260, 1267 (11th Cir. 2001).

Judicial economy, convenience, and fairness all weigh heavily in favor of the court retaining supplemental jurisdiction over Plaintiff's remaining state law claim against Waste Away. This case has been pending in this court for over a year and a half; the court is intimately familiar with the nature and scope of Plaintiff's claim; and it would be a waste of judicial resources to remand this case to state court after so much time and resources have been expended in this forum. It would also be inconvenient to both parties to further delay discovery, class certification, dispositive motions, and trial in a case that was originally filed on June 12, 2008. (Doc. # 1, Ex. 3, at 3.) Further, the deadline for Plaintiff to amend its Second Amended Complaint has passed (Doc. # 62), and it would be unfair to Waste Away to allow Plaintiff to retreat to state court and potentially pursue another bite at the pleading apple. (*See* Doc. # 65, at 5 n.2 (describing Plaintiff's previous bites).) Finally, Plaintiff's remaining breach of contract claim is not novel or complex, and this factor militates in favor of an exercise of supplemental jurisdiction. Based on the nature and history of this case, and the considerable amount of time and energy invested by the parties and the court in this

matter, the court chooses, in its discretion, to retain supplemental jurisdiction over Plaintiff's remaining breach of contract claim against Waste Away.

## IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Renewed Motion to Remand (Doc. # 67) is DENIED.  Defendants shall inform the court **on or before June 22, 2011**, by notice or motion, if this Order renders moot their pending Motion for Entry of Partial Final Judgment Pursuant to Rule 54(b).

DONE this 9th day of June, 2011.

        /s/ W.  Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE